IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHANNON LEWIS BURNS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-199-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Shannon Lewis Burns, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ.

After having considered the pleadings, the documentary exhibits, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Procedural History

The state appellate court set forth the facts of the case as

---

[1] Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

follows:

After receiving information from two "smurfs"[2] that Burns was engaged in the manufacturing of methamphetamine, police officer Shane Cartwright obtained a warrant to search Burns's residence. There, Cartwright discovered copious amounts of evidence that someone was manufacturing methamphetamine. Based in part on this evidence, a grand jury returned an indictment authorizing the State to pursue charges against Burns for engaging in organized criminal activity with the underlying offense being the manufacturing of methamphetamine in an amount of 400 grams or more.

> [1]"Smurf" is a law-enforcement colloquialism describing a person who rapidly patronizes multiple stores and purchases the regulated maximum amount of pseudoephedrine from each store, ultimately purchasing illegally-excessive amounts of pseudoephedrine-an ingredient vital to the production of methamphetamine . . . .

Burns entered a plea agreement with the State whereby he would plead guilty to engaging in organized criminal activity for the manufacturing of methamphetamine in an amount between one and four grams. By the terms of his agreement, Burns elected to have a jury assess punishment. He also reserved the right to appeal the trial court's ruling on his motion to suppress. The trial court's certification of his right to appeal dictates that Burns's right to appeal the suppression motion is to punishment only and that Burns "has waived the right of appeal as to guilt innocence."

After Burns pleaded guilty, and after the trial court heard and denied his motion to suppress, the punishment phase of trial commenced. At punishment, the State introduced a diagram of Burns's residence marked with the location of where officers found a methamphetamine production apparatus, as well as

2

> numerous photographs depicting Burns's residence and the items related to methamphetamine production found therein. Each time the State introduced these exhibits in evidence, Burns responded with the statements: "No objections" or "No objections, Judge." Burns also stipulated that the State had proven that the substance found at his residence contained over 1,300 grams of methamphetamine. The jury assessed punishment at twenty years' incarceration and a $10,000 fine. The trial court entered judgment accordingly, . . . .

Op. 2-3, ECF No. 13-4.

In his appellate brief, petitioner challenged the trial court's denial of his motion to suppress, alleging the search warrant was obtained without sufficient information to establish probable cause resulting in an illegal search of his home under article 38.23 of the Texas Code of Criminal Procedure, Article I, § 9 of the Texas Constitution, and the Fourth Amendment to the United States Constitution. The appellate court, finding that the issue was not preserved for review, affirmed the trial court's judgment. Appellant's Br. 7-10, ECF No. 13-16. Petitioner did not file a timely petition for discretionary review. Pet. 3, ECF No. 2. Petitioner filed a state habeas application raising the same claims, but the state habeas court found that there were no disputed issues of fact; that petitioner's claims were not proper claims for habeas corpus relief; and that his claims were without relief. State Writ 80, ECF No. 13-22. In turn, the Texas Court of

Criminal Appeals denied the state application without written order. State Writ 6-7, ECF No. 13-22. This federal petition for habeas relief followed.

## II. Issues

In one ground, petitioner claims the search warrant affidavit was insufficient to establish probable cause to search his residence, in violation of the Fourth Amendment of the United States Constitution, because-

> "1) Credibility and reliability of first time, unnamed, informant not established by facts corroborating veracity of statements made to show inference of past or present criminal activity by Petitioner.
>
> "2) Affidavit contains wholly conclusory statements, deleberate [sic] false statements or statements made with a reckless disregard to the truth.
>
> "3) Staleness of information insufficient to show probable cause."

Pet'r's Mem. 5, ECF No. 3.

## III. Rule 5 Statement

Respondent believes that petitioner has sufficiently exhausted his state-court remedies as to his claims and that the petition is neither time-barred nor successive. Resp't's Answer 3, ECF No. 14.

## IV. Discussion

A federal court is generally barred from reviewing Fourth

Amendment claims on habeas review. *Stone v. Powell,* 428 U.S. 465, 494 (1976). Where a state affords sufficient opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search and seizure. *Id.* at 489-95. Petitioner was given a hearing on his motion to suppress in the state trial court and he raised his claims on direct appeal and in his state habeas application. Thus, he received a full and fair opportunity to litigate his claims in the state courts, and *Stone* bars relitigation of the issue here.[2] *Janecka v. Cockrell,* 301 F.3d 316, 320 (5th Cir. 2002).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. For the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

---

[2] This is so even though the state appellate court decided petitioner's claim on the basis of an adequate state procedural ground. *O'Berry v. Wainwright,* 546 F.2d 1204, 1216-17 (5th Cir. 1977). Further, although it is impossible to determine the reason for the Texas Court of Criminal Appeals's denial of petitioner's state habeas application, a denial without written order by that court generally indicates the disposition was substantive as opposed to procedural. *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

denied.

SIGNED June __7__, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE